Seaborn R. WICKER, et al.

v.

FIRST FINANCIAL OF LOUISIANA SAVINGS AND LOAN ASSOCIATION, et al.

Civ. A. No. 86–889–B.

United States District Court, M.D. Louisiana.

Nov. 3, 1987.

John Dale Powers, David L. Guerry and Patrick J. Cooper, Powers & Vaughn, Baton Rouge, La., for plaintiffs.

Steven W. Copley, New Orleans, La., for First Financial of Louisiana Sav. and Loan Ass'n.

J. Glenn Dupree, Adoock & Dupree, Baton Rouge, La., and David LeClere, Perrault, Uter & LeClere, Baton Rouge, La., for River City Federal Sav. Bank.

1. Other plaintiffs are William John Dawson, LDW Partnership, Emerald Coast Inlet Develop-

## ON MOTION FOR FINAL JUDGMENT

POLOZOLA, District Judge.

This matter is before the court on the motion of defendant River City Federal Savings Bank (River City) for entry of a final judgment pursuant to F.R.C.P. 54(b), and upon the motion of plaintiffs Seaborn Wicker, et al.[1] to reconsider, alter, modify, and/or vacate this court's order of June 24, 1987 dismissing River City from this action.

This suit arises out of transactions surrounding the purchase of four tracts of land in Florida. Plaintiffs contend that the defendant First Financial of Louisiana Savings and Loan Association (First Financial) has violated 12 U.S.C. 1464(q) et seq. Plaintiffs also have filed a state law claim against River City for breach of certain loan commitments on which plaintiffs have allegedly relied to their detriment. This court declined to exercise pendent party jurisdiction over River City for reasons set forth in its minute entry dated June 24, 1987. It is this judgment that River City wishes to make final and Seaborn Wicker desires to be vacated.

■ The court will first address the plaintiffs' motion to reconsider. As stated in the court's earlier opinion, *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed. 2d 276 (1976) requires that a two prong test be satisfied in order for the court to have pendent party jurisdiction. The jurisdiction must meet the Constitutional requirements of Article III, and it must be demonstrated that Congress has not expressly or impliedly negated the existence of jurisdiction by statute. The court found that both prongs were met.

■ Even when the two-part test is satisfied, however, the exercise of pendent jurisdiction is still a matter left to the discretion of the district court. Plaintiff has no right to demand the court to exercise pendent jurisdiction in a case. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1189, 16 L.Ed.2d 218 (1966), *Zabkowicz v. West Bend Co.,*

ers and RMN Developers.

789 F.2d 540, 546 (7th Cir.1986). After again carefully reviewing the record, and with full recognition that pendent party jurisdiction has been approved by the Fifth Circuit in *Feigler v. TIDEX*, 826 F.2d 1435 (5th Cir.1987), this court reaffirms its earlier decision to decline exercising pendent party jurisdiction over River City in this case.

Every circuit which has considered the matter of pendent party jurisdiction, except the Ninth Circuit, has recognized the discretion afforded to the trial court as to whether the court should accept pendent jurisdiction in a case.[2] In *Feigler v. TIDEX*, 826 F.2d 1435 (5th Cir.1987), the Fifth Circuit adopted an "abuse of discretion" standard for reviewing these decisions and cited *Zabkowicz v. West Bend Co.*, 789 F.2d 540 (7th Cir.1986). In *Zabkowicz*, the Seventh Circuit reiterated that according to *Gibbs*, the rationale underlying the existence of pendent jurisdiction is convenience, judicial economy and fairness to the litigants.[3]

In *Feigler*, the Fifth Circuit recognized that it had in the past upheld pendent party jurisdiction where "(t)he facts presented ... (did) not pose the strongest possible case for jurisdiction." *Boudreaux v. Puckett*, 611 F.2d 1028 (5th Cir.1980), *Smith v. Nat'l Flood Ins. Program*, 796 F.2d 90 (5th Cir.1986), *Arango v. Guzmn Travel Advisors Corp.*, 621 F.2d 1371 (5th Cir.1980). The *Feigler* court affirmed the trial court's finding of pendent party jurisdiction. The court reasoned that because the extent of damage caused to the plaintiff's back due to a Jones Act claim could not be determined without a concomitant decision about the extent of the injury caused by a subsequent automobile accident, a sufficient common nucleus of operative fact existed in order to affirm the jurisdiction. In the case at bar, the nexus of the transactions is conceded by the court and is not at issue. However, there are other factors which contributed to the court's decision to decline pendent jurisdiction which were noted in the court's opinion.

The court, in addition to the reasons set forth in its June 24 order, again emphasizes that comity between the federal and state systems mitigates any consideration of judicial economy and convenience urged by keeping River City in federal court. The federal court should not be made into courts of general jurisdiction by the application of the doctrine of pendent party jurisdiction. *Aldinger, supra,* 427 U.S. 15, 96 S.Ct. at 2420.

The court finds that the positive effect on convenience and judicial economy is minimal if this court exercises jurisdiction. Fairness to the defendant and respect for a Louisiana court's interpretation of its newly codified state law on detrimental reliance are also serious factors the court has considered in reaching its decision to decline jurisdiction over the claim asserted against River City. These factors strongly dictate that this court should not exercise jurisdiction over the state law claim asserted against River City in this case.

Having declined to alter this court's order of June 24, 1987 and receiving no specific objections to the granting of River City's Rule 54(b) request, this court will grant defendant's motion for entry of final judgment.

A dismissal of a claim for lack of subject matter jurisdiction may dispose of a claim completely and thus bring it within the scope of the rule. 10 Wright and Miller, *Federal Practice and Procedure*, sec-

2. *Federal Deposit Insurance Corp. v. Otero*, 598 F.2d 627 (1st Cir.1979); *Weinberger v. Kendrick*, 698 F.2d 61 (2d Cir.1982); *Bernstein v. Lind-Walcock & Co.*, 738 F.2d 179 (7th Cir.1984); *State of North Dakota v. Merchants National Bank and Trust Co.*, 634 F.2d 368 (8th Cir.1980) (en banc); *Stewart v. United States*, 716 F.2d 755 (10th Cir.1982); *First Alabama Bank v. Parsons Steel, Inc.*, 747 F.2d 1367 (11th Cir.1984); *Lykins v. Pointer, Inc.*, 725 F.2d 645 (11th Cir. 1984). But see *Carpenters Southern California Admin. Co-op. v. D & L Camp Const. Co.*, 738 F.2d 999 (9th Cir.1984).

3. The court in *Zabkowicz v. West Bend Co.*, 789 F.2d 540 (7th Cir.1986) noted that the court in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) had cautioned that "in instances of exclusive federal jurisdiction, the exercise of pendent party jurisdiction may be warranted since '*only* in a federal court may all of the claims be tried together.'" 427 U.S. at 18, 96 S.Ct. at 2422 (emphasis in original). *Zabkowicz, supra* at 548.

tion 2656 at p. 51. Having dismissed River City as a defendant from this action and finding no just reason to delay the appeal of this judgment dismissing River City, the motion of River City for entry of final judgment is granted.

Therefore:

IT IS ORDERED that the motion of the plaintiffs, Seaborn Wicker, William John Dawson, LDW Partnership, Emerald Coast Inlet Developers and RMN Developers, Inc., to reconsider, alter, modify and/or vacate the order of June 24, 1987 is DENIED.

IT IS FURTHER ORDERED that the motion of defendant River City Federal Savings Bank for final entry of judgment is GRANTED.

Within fifteen days, River City Federal Savings Bank shall submit a final judgment which shall be approved as to form by the plaintiffs.