**Robert J. NICOLAZZI, Plaintiff,**

v.

**Richard M. COLOMBIK, et al., Defendants.**

**No. 87 C 2181.**

United States District Court, N.D. Illinois, E.D.

Sept. 22, 1987.

Kenneth M. Lodge, Magee, Collins & Lodge, Chicago, Ill., for plaintiff.

Gary Kostow, Suanne Porwancher, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Ill., for defendant James Frazin.

Thomas Crooks, Chicago, Ill., for defendant Ronald Bell.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

The plaintiff, Robert J. Nicolazzi ("Nicolazzi"), filed this nine count complaint against the defendants, Richard M. Colombik ("Colombik"), James Frazin ("Frazin"), Ronald L. Bell ("Bell"), D.L. Porges,[1] Rockefeller Depository, Inc. ("RDI"), Advanced Breeding Technology, Inc. ("Advanced"), United Holsteins Blue Ribbon Show Animals ("United I"), and United Holsteins II ("United II"), seeking damages for violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. sec. 1961 *et seq.*, as well as various state claims under the doctrine of pendent jurisdiction. Frazin and Bell have moved to dismiss Nicolazzi's claims against them under Fed.R.Civ.P. 12(b)(1) arguing that this Court lacks subject matter jurisdiction over these claims. Frazin also contends that Nicolazzi's complaint fails to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), and requests that we assess sanctions against Nicolazzi pursuant to Fed.R.Civ.P. 11. For the reasons set forth below, we grant both motions to dismiss for lack of subject matter jurisdiction,

and therefore we find it unnecessary to reach Frazin's additional motions.

## I. FACTS

The events giving rise to this litigation are not complex, and we recite only those facts necessary to the resolution of the pending motions.

Broadly stated, Nicolazzi alleges that over a three-year period Colombik, while acting as Nicolazzi's attorney, defrauded him of more than $230,000 by fraudulently inducing him to invest in various limited partnerships such as United I and United II. Nicolazzi makes no allegation of fraud against Frazin or Bell. Rather, Nicolazzi alleges that Frazin and Bell, as Colombik's law partners during the time that these events occurred (although in different law firms, *see* Complaint, pars. 2–4), owed him a fiduciary duty of care, and that Frazin and Bell breached their duty because they were "indifferent and careless as to" Colombik's conduct, and "thereby assisted and facilitated" Colombik's wrongdoing. Count IV, par. 39.

In a variation on this theme, Nicolazzi also claims that Frazin and Bell acted negligently by failing to take "such reasonable actions as required under the circumstances to protect" Nicolazzi, when they knew or should have known that Colombik was misusing Nicolazzi's "funds for [Colombik's] personal expenses." Count VI, pars. 37–38. We now turn to Bell's and Frazin's motions to dismiss.

## II. DISCUSSION

We begin with the axiom that federal courts are courts of limited, not general, jurisdiction. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). As such, "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Id.* Frazin and Bell argue that this Court lacks subject matter jurisdiction over Nicolazzi's claims against them. Both

1. Porges also filed a motion to dismiss, but Nicolazzi subsequently voluntarily dismissed Porges as a defendant pursuant to Fed.R.Civ.P.

41. Therefore, the Court will not consider Porges's motion.

defendants contend that even assuming this Court possesses subject matter jurisdiction over Nicolazzi's RICO claims against the other defendants, there is no independent jurisdictional basis over Nicolazzi's claims against them because there is no federal claim against them and diversity of citizenship is lacking. Nicolazzi asserts that we possess pendent jurisdiction over the claims against Frazin and Bell under the doctrine of "pendent party" jurisdiction, which is recognized in this Circuit. *See generally* 13B Wright, Miller & Cooper, *Federal Practice and Procedure: Civil 2d* sec. 3567.2 (1984). We agree with Nicolazzi that the doctrine of pendent party jurisdiction is viable in this Circuit, but we disagree with his conclusion that the doctrine is applicable in this case.

Although our court of appeals has expressed misgivings with the doctrine of pendent party jurisdiction[2], it nevertheless has recognized that "there is substantial authority for retaining the doctrine * * * where the main claim is a federal claim under sec. 1331."[3] *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1360–61 (7th Cir.1985) (Posner, J., concurring). In *Zabkowicz v. West Bend Co.*, 789 F.2d 540, 546 (7th Cir.1986), the court, relying on *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), held that the doctrine of pendent party jurisdiction is available if "a two-prong test [is] satisfied."

First, the requirements of Article III of the Constitution * * * must be fulfilled. Second, relevant statutory limitations on the exercise of pendent jurisdiction must be examined. *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976). *Accord Vantine v. Elkhart Brass Manufacturing Co.*, 762 F.2d 511, 518 (7th Cir.1985); *United States ex rel. Hoover v. Frazin*, 669 F.2d 433, 439–40 (7th Cir.1982). The constitutional prong of the test is satisfied when (1) there is a federal claim which is of sufficient substance to confer federal jurisdiction and (2) the federal and state claims are derived "from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding...." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The second prong of the test requires "an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over the particular nonfederal claim." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (quoting *Aldinger*, 427 U.S. at 18, 96 S.Ct. at 2422). In other words, the "analysis turns on whether it can be demonstrated that Congress has intended that the particular pendent claim not be brought in federal court." *Frazin*, 669 F.2d at 441 n. 15.

Even if the constitutional and statutory prongs of the test are met, however, the decision of whether to exercise pendent party jurisdiction is a matter of the court's discretion, and not a matter of right. *See Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *Zabkowicz*, 789 F.2d at 546.

Applying *Zabkowicz* to this case, we believe that both the constitutional and statutory prongs of the test are satisfied. First, there can be little doubt a claim under RICO is of sufficient substance to confer federal jurisdiction. *See Chas. Kurz Co. v. Lombardi*, 595 F.Supp. 373, 380 (E.D.Pa.1984). Additionally, Nicolazzi's RICO claims against Colombik and the

---

**2.** For example, in *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1359 (7th Cir.1985), Judge Posner observed that "[t]he 'pendent parties' concept has * * * wobbly constitutional foundations."

**3.** *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), have rejected the applicability of the pendent party doctrine in the context of a diversity claim under sec. 1332.

other defendants, and his claims against Frazin and Bell arise out of a common nucleus of operative fact in that they all stem from Colombik's on-going scheme to defraud Nicolazzi.[4] Therefore, these claims are such that, as a matter of *res judicata*, a plaintiff "would ordinarily be expected to try them all in one judicial proceeding * * *." *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138.

Regarding the statutory aspect of the test, Frazin and Bell have not identified, nor has the Court discovered, any indication in either the text of RICO or its legislative history that Congress intended to preclude a plaintiff from bringing a state law claim for breach of fiduciary duty or negligence as a pendent claim to a RICO claim. *See Lombardi*, 595 F.Supp. at 378. Accordingly, we hold that both prongs of the *Zabkowicz* test are satisfied.

Having determined that we have the *power* to entertain Nicolazzi's claims against Frazin and Bell, we must now decide whether it would be proper to exercise our jurisdiction in this case. In making this determination we must take into account the factors of judicial economy, convenience, and fairness to litigants. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *Zabkowicz*, 789 F.2d at 546. Given the facts of this case, we believe that, on balance, these factors weigh against our exercising pendent party jurisdiction.

First, although it may be true, as the plaintiff contends, that judicial economy and convenience will be served by exercising pendent party jurisdiction here because "many of the same facts involved in proving the RICO claims against Mr. Colombik will be proven in connection with the breaches of fiduciary duty and negligence claims alleged against * * * Bell and Frazin," (Nicolazzi's Mem. at 4), we believe that these factors are outweighed by the unfairness our exercise of jurisdiction would impose upon the pendent parties.

[W]hen viewed from the perspective of the proposed pendent party [, he] has been hailed into federal court simply because of the fortuitous happentance that plaintiff has both a valid federal claim against another defendant and a pendent state claim against the same defendant which also involves the pendent party. The pendent party has a legitimate right to object considering the premise that federal courts are courts of limited jurisdiction.

*Chas. Kurz Co. v. Lombardi*, 595 F.Supp. 373, 379 (E.D.Pa.1984).

In this case, Frazin and Bell would not have been called to answer for their actions before this Court but for the fact that Nicolazzi has a valid federal claim against Colombik. As noted by the Court in *Aldinger*, it is one thing to allow a plaintiff to litigate a state claim against a defendant who is already properly in federal court; it is quite another thing, however, to authorize a plaintiff to litigate a state law claim against a completely different defendant over which a federal court possesses no independent jurisdictional basis. *Aldinger*, 427 U.S. at 14–15, 96 S.Ct. at 2420–21. In short, Nicolazzi simply has not persuaded us that we should compel Frazin and Bell to litigate in federal court merely because Nicolazzi's quest for compensation will be best served in that fashion. In cases where, as here, a federal court's subject matter jurisdiction is questionable, at best, Article III mandates that all doubts be resolved against exercising jurisdiction lest the federal court overstep its limited power and needlessly interfere with the delicate relationship between the several States and the federal government.

It is true that there are exceptional circumstances which make it more compelling for a federal court to exercise pendent party jurisdiction. For example, the argument for exercising such jurisdiction is more persuasive if the pendent party also is a necessary party as defined in Fed.R.Civ.P. 19(a). A strong case also can be made for exercising pendent party jurisdiction when the

---

**4.** This is not to say that there is no basis for concluding that these claims do not derive from a common nucleus of operative fact. We simply find it unnecessary to expend a great deal of effort on this issue given our conclusion that we will not, as a matter of the Court's discretion, exercise jurisdiction on the facts of this case.

underlying federal claim is one over which the federal courts have exclusive jurisdiction, thereby precluding a plaintiff from presenting his "entire case" in a state court of general jurisdiction.

The plaintiff does not contend that either of these circumstances is present here. To be sure, Frazin and Bell are not necessary parties to the instant litigation. In neither Count IV nor Count VI can it be maintained that "complete relief cannot be accorded among those already parties" unless Frazin and Bell are joined as defendants, or that their absence will impair Nicolazzi's ability to protect his interest in this action. Fed.R.Civ.P. 19(a).

Regarding the second circumstance, Nicolazzi has not suggested that we should exercise pendent party jurisdiction in this case because federal jurisdiction over RICO claims is exclusive.

Finally, since we have dismissed Nicolazzi's Complaint against Frazin and Bell on jurisdictional grounds, we decline to decide Frazin's motion to dismiss under Fed.R. Civ.P. 12(b)(6), or his motion for sanctions pursuant to Fed.R.Civ.P. 11.

### III. CONCLUSION

For the foregoing reasons, Nicolazzi's causes of action against Frazin and Bell are DISMISSED WITH PREJUDICE.