**Galen SCHRAG, et al., Plaintiffs,**

v.

**Ted DINGES, et al., Defendants.**

**Civ. A. No. 88–1373–FGT.**

United States District Court,
D. Kansas.

April 20, 1993.

Michael E. Baker, Najim & Baker, Wichita, KS, James C. Dodd, Craig Dodd & Associates, Enid, OK, for plaintiffs Galen Schrag and John R. Nickelson.

Render, Kamas & Hammond, Albert L. Kamas, Joseph H. Cassell, Wichita, KS, for Bonaventure A. Kreutzer, Jr. and Denis Dieker.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This is a civil action brought under the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and Kansas common law fraud. The plaintiffs allege that the various defendants were involved in four separate fraudulent schemes involving development of a real estate investment firm called Rexmoor Properties, Inc. The matter is before the court on motions filed by Defendants Denis Dieker and Bonaventure A. Kreutzer for partial summary judgment (Doc. 597 & 599), dismissal (Doc. 670), and to strike certain of plaintiffs' exhibits with sanctions (Doc. 676). Defendants Dieker and Kreutzer are allegedly involved only in the fourth scheme, which is set forth in Counts IV and V of the Third Amended Complaint.

Counts IV and V are based on the alleged fraud perpetrated by defendants Gary Dinges, Dieker and Kreutzer on plaintiffs John Nickelson and the estate of his wife ("the Nickelsons"). Plaintiffs' allegations with respect to Counts IV and V are as follows. The Nickelsons had sold their fertilizer business to ConAgra for $400,000, of which $200,-000 would be amortized at the rate of $4,550 per month. In October 1985, Gary Dinges persuaded Nickelson to loan him $87,500 to pay closing costs of the sale of the Paganica development, promising Nickelson total repayment plus a 20% profit from the proceeds of the sale. In fact, the Paganica sale had been closed eleven months earlier, after Rexmoor collapsed. Gary Dinges needed the money to repay his debts at Boulevard Bank.

Realizing that Nickelson did not have the money on hand to extend such a loan, Gary Dinges informed Nickelson that Boulevard Bank would make a $87,000 loan to Nickelson, which he could then hand over to Gary Dinges. To secure the Boulevard Bank loan, Nickelson had to pledge his one-half interest in the monthly ConAgra checks. Because the ConAgra checks were issued in his wife's name, John Nickelson had to assign the entire check, worth $175,000 to Boulevard Bank under an agreement that Boulevard Bank would then return $2,275 per month to his wife. Defendants Dieker and Kreutzer, officers at Boulevard Bank, allegedly promised Nickelson that only $87,000 of the $175,000 ConAgra line of credit would be loaned to Gary Dinges for the closing costs of Paganica Development, and that Nickelson's wife would receive her monthly share of the checks. However, Dieker and Kreutzer disbursed the entire ConAgra line of credit to Gary Dinges, which went toward repayment of his prior debts and personal use. Nickelson's wife never received her monthly payments from Boulevard Bank. Nickelson lost his investment and his share of the ConAgra contract.

## I. Motion for Summary Judgment on Count IV

Defendants Dieker and Kreutzer seek partial summary judgment as to Count IV, which alleges RICO violations. Defendants

present several arguments in support of their motion. However, the court need not address the merits of those arguments because plaintiffs have responded that they never intended to assert a RICO claim against defendants Dieker and Kreutzer. In something of a departure from their previous arguments in this case, plaintiffs now admit that Count IV does not state (and was never intended to state) a claim against defendants Dieker and Kreutzer. Plaintiffs assert that only Gary Dinges and Ted Dinges are defendants in Count IV.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Because plaintiffs do not seek to establish a RICO cause of action against defendants Dieker and Kreutzer, the court grants their motions for partial summary judgment as to Count IV.

## II. Motion to Dismiss Count V

The court will next address the motion to dismiss Count V filed by defendants Dieker and Kreutzer. Defendants argue therein that the court does not have subject matter jurisdiction to decide Count V, which is based on Kansas common law fraud and which is, according to plaintiffs' current position, the only count in which Dieker and Kreutzer are defendants.

The court has previously addressed the issue of subject matter jurisdiction related to Count V. As stated above, it appeared at that time that the Nickelsons intended to pursue a RICO claim against defendants Dieker and Kreutzer under Count IV, as well as the common law fraud claim under Count V.[1] Therefore, this court held that it could properly exercise its pendent claim jurisdiction to decide the state law claim. *Schrag v. Dinges,* 788 F.Supp. 1543, 1549 (D.Kan.1992).

Because plaintiffs now admit that their only cause of action against Dieker and Kreutzer is the common law fraud claim, and because defendants Dieker and Kreutzer are the only named defendants in Count V, Dieker and Kreutzer argue that the court does not have subject matter jurisdiction over the claim. The issue, rather than pendent claim jurisdiction, is pendent party jurisdiction. Defendants argue that there is no pendent party jurisdiction under 18 U.S.C. § 1964, RICO's jurisdictional provision. The court agrees.

In determining the availability of pendent party jurisdiction, the court must undergo a three step analysis. *Bolin v. Cessna Aircraft Co.,* 759 F.Supp. 692, 715 (D.Kan. 1991) (citing *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). At the first step, the court must decide whether the federal and nonfederal claims comprise "one constitutional case." *Finley,* 490 U.S. at 548–49, 109 S.Ct. at 2005–07 (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).[2] The *Gibbs* test is met if the plaintiff alleges a substantial federal claim, there is a common nucleus of operative facts, and the issues would ordinarily be tried in a single lawsuit. *Id.* at 549, 109 S.Ct. at 2006. The court will assume for purposes of this decision that the *Gibbs* factors are met in this case.

At the second step, the court must decide whether the applicable jurisdictional statute includes jurisdiction over the nonfederal claims as well as over the federal claims. In *Finley,* the Supreme Court held that pendent party jurisdiction was not available under the Federal Tort Claims Act ("FTCA"), because Congress had granted jurisdiction only over "civil actions on claims against the United States."[3] Therefore, pendent party

---

1. Plaintiff denied defendant Dieker's request for an admission that Count IV stated no claim against Dieker.

2. The Court in *Finley* assumed, without deciding, that the *Gibbs* factors apply to cases involving pendent party jurisdiction as well as cases involving pendent claim jurisdiction.

3. Congress overruled *Finley* by its enactment of a supplemental jurisdiction statute. Public Law No. 101–650, § 310 (1990) (codified at 28 U.S.C. § 1367). However, section 1367 does not apply to cases which, like this one, were filed before December 1, 1990. Pub.L. No. 101–650, § 310(c).

jurisdiction is not available absent an affirmative statutory grant. *Sarmiento v. Texas Bd. of Veterinary Medical Examiners,* 939 F.2d 1242, 1247 (5th Cir.1991). *See also Wanner v. State of Kansas,* 766 F.Supp. 1005, 1007 (D.Kan.1991) (ADEA does not grant pendent party jurisdiction); *Tersiner v. Union Pacific R. Co.,* 743 F.Supp. 1463, 1464 (D.Kan.1990) (FELA does not grant pendent party jurisdiction). *Cf. Bolin,* 759 F.Supp. at 714–15 (CERCLA jurisdictional statute includes pendent party jurisdiction).

■ 18 U.S.C. § 1964 does not affirmatively address the matter of pendent party jurisdiction. Just as the FTCA grants jurisdiction over "claims against the United States," RICO provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 may sue *therefor* in any appropriate United States district court." 18 U.S.C. § 1964(c) (emphasis added). The statute does not state that a RICO plaintiff may bring related state law claims in federal court. The Eighth Circuit Court of Appeals held, in light of *Finley,* that there is no pendent party jurisdiction in RICO cases. *Alumax Mill Products v. Congress Fin. Corp.,* 912 F.2d 996 (8th Cir.1990). No other appellate court has addressed the issue. Nearly all federal district courts facing the issue have reached the same conclusion. *E.g., Commonwealth Edison Co. v. Westinghouse Elec. Co.,* 759 F.Supp. 449 (N.D.Ill. 1991); *Steco, Inc. v. S & T Mfg., Inc.,* 745 F.Supp. 305 (E.D.Pa.1990); *Carson v. Alper,* Civ.A. No. 89–2828–SSH, 1990 WL 209925 (D.D.C., Dec. 6, 1990); *Hall American Center Assoc's Ltd. Partnership v. Dick,* 726 F.Supp. 1083 (E.D.Mich.1989). *But see Armstrong v. Edelson,* 718 F.Supp. 1372 (N.D.Ill.1989). This court agrees with the Eighth Circuit that under the applicable law, it does not have jurisdiction to decide Count V.

■ If the court decides that it has jurisdiction, at the third step the court must decide in its discretion whether to hear the pendent party claims. The court does not have the opportunity to exercise such discretion in this case. As an aside, the court notes that even before *Finley,* most courts that addressed the issue declined to exercise

pendent party jurisdiction in RICO cases for reasons of fairness and the principal that the federal courts are courts of limited jurisdiction. *See Palumbo v. I.M. Simon & Co.,* 701 F.Supp. 1407 (N.D.Ill.1988); *Nicolazzi v. Columbik,* 670 F.Supp. 823 (N.D.Ill.1987); *Chas. Kurz Co. v. Lombardi,* 595 F.Supp. 373 (E.D.Pa.1984).

The plaintiffs present several arguments supporting the exercise of pendent party jurisdiction in this case, none of which are persuasive. The court is not convinced that, as plaintiffs argue, they could not have brought their RICO action in state court. By the time these plaintiffs joined this lawsuit by the filing of the Third Amended Complaint on April 11, 1990, the Supreme Court had already decided that state courts have concurrent jurisdiction with the federal courts to decide RICO cases. *Tafflin v. Levitt,* 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990).

The Nickelsons next argue that bringing a separate action in state court would create a "logistical nightmare," and that joining the federal court action would allow plaintiffs to avoid presenting the same evidence in two separate forums. The court agrees that it is more convenient for the plaintiffs to pursue their state law claims in the same action as the RICO claims. However, arguments of convenience do not address the insurmountable problem in this case, which is that no statute grants this court subject matter jurisdiction over plaintiffs' state law claim.

For the foregoing reasons, the defendants are entitled to dismissal of Count V.

### III. Motion to Strike with Sanctions

Finally, defendants Dieker and Kreutzer move to strike certain affidavits that plaintiffs have filed in support of their memorandum opposing defendants' motion for summary judgment. Because, as determined above, plaintiffs assert no claim against defendants Dieker and Kreutzer over which this court has subject matter jurisdiction, the motion to strike is denied as moot.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant Dieker's motion

for partial summary judgment (Doc. 597) is hereby granted.

**IT IS FURTHER ORDERED** that defendant Kreutzer's motion for partial summary judgment (Doc. 599) is hereby granted.

**IT IS FURTHER ORDERED** that defendants Dieker and Kreutzer's motion for dismissal of Count V (Doc. 670) is hereby granted.

**IT IS FURTHER ORDERED** that defendants' motion to strike plaintiffs' exhibits and for sanctions (Doc. 676) is denied.