**Frances CLEMONS, Individually and as Administrator of the Estate of Gerald Clemons, Deceased, Plaintiff,**

v.

**The CITY OF SPRINGFIELD, et al., Defendants.**

No. 87–3301.

United States District Court,
C.D. Illinois,
Springfield Division.

May 3, 1990.

Steven J. Rosenberg, Chicago, Ill., for plaintiff.

Giacomo A. Pecoraro, Michael Metnick, Patrick J. Londrigan, John A. Ess, Springfield, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

A question of pendent-party jurisdiction.

### Background

This suit was brought to recover damages flowing from the death of Gerald Clemons on March 30, 1987. The Plaintiff, who is Gerald's mother, has sued (both as an individual and as Administratrix of Ger-

ald's estate) six Defendants: a Springfield, Illinois, city police officer (Stephen Pellegrini), the Chief of the Springfield Police Department at the time of Gerald's death (Stanley Troyer), the City of Springfield, the County of Sangamon, the Sheriff of Sangamon County at the time of Gerald's death (William DeMarco), and a Sangamon County Deputy Sheriff (David Johnson).

Plaintiff claims that Gerald died as a result of a beating he suffered at the hands of Pellegrini and Johnson and other county and Springfield police officers, and her complaint requests recovery under the federal Civil Rights Act (42 U.S.C. § 1983 and § 1988), as well as under pendent Illinois claims brought pursuant to Illinois' wrongful death act (Ill.Rev.Stat. ch. 70, ¶ 1) and Illinois' survival act (Ill.Rev.Stat. ch, 110½, ¶ 27–6).

Currently before the Court are a motion to dismiss Plaintiff's claims against the county and Sheriff DeMarco, and a motion for judgment on the pleadings as to Plaintiff's claims against the city and the Chief of Police Troyer.[1] We have previously dismissed the federal claims against these four Defendants on the grounds that the complaint failed to allege any "specific pattern or series of incidents that support the general allegation" that Plaintiff's injuries were precipitated through a municipal policy or custom. *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir.1986); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817, 105 S.Ct. 2427, 2432–33, 85 L.Ed.2d 791 (1985). Moreover, the complaint's conclusory alle-

gations likewise failed to substantiate any claim that Gerald's death was caused by a failure to adequately train the police officers involved. *See Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985); *see also City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (holding that a failure to adequately train will only result in § 1983 liability where that failure amounts to a deliberate indifference to the rights of persons with whom the police come into contact).

As to these four Defendants, then, no federal claims remain to undergird pendent jurisdiction on the state law claims; instead, federal and state law claims both are pending only against Pellegrini and Johnson, while state law claims alone are pending against the other four Defendants. Although each of these four Defendants has also moved to dismiss or for judgment on his or its respective state law pleadings, we have questioned whether our limited jurisdictional grant would empower us to reach the merits of these claims.[2] We therefore ordered the parties to brief the jurisdictional question. Plaintiff and Defendants Sangamon County and Sheriff DeMarco from the outset have urged us to exercise pendent-party jurisdiction in this case; Defendants City of Springfield and Police Chief Troyer have likewise come to urge the exercise of that jurisdiction, although originally those two Defendants argued that "the state law claims against them should be dismissed rather than retained under an exercise of pendent-party jurisdiction."[3]

Upon deep reflection and a close examination of the pertinent authorities, this Court parts company with the parties and

---

1. Notably, no motions have yet been filed with respect to the claims against Pellegrini and Johnson.

2. The motions are premised upon application of the Illinois law of *respondeat superior* vis-a-vis municipal employers, application of Ill.Rev.Stat. ch. 125, ¶ 13 (allowing for a sheriff's vicarious liability only for a deputy's neglectful acts or omissions), and application of Ill.Rev.Stat. ch. 85, ¶¶ 2–103, 2–109, 2–202 (Illinois' Local Governmental and Governmental Employees Tort Immunity Act).

3. This issue has been gathering dust in our files for some time now. Defendants Sangamon

County and Sheriff DeMarco first raised the issue in their motion to dismiss, but we postponed ruling on that matter pending resolution of the motion for judgment on the pleadings filed by Defendants City of Springfield and Chief of Police Troyer. Once the federal claims against these latter two parties were dismissed, we ordered the parties to brief out the issue of pendent-party jurisdiction, which they did. The issue, however, was not flagged to the Court's attention, and so it sat idle in our files until the Court happened upon it. No party called the matter to the Court's attention.

instead concludes that we have no pendent-party jurisdiction in this situation; to the extent such jurisdiction exists, we decline to exercise it. Accordingly, the state law claims pending against these Defendants are dismissed without prejudice for want of jurisdiction.

### Analysis

■ We begin by setting our stage: Where A [our Plaintiff] brings a federal suit, based on federal law, against B [Pellegrini and Johnson] and also has a claim under state law against C [the city, the county, Troyer, and DeMarco], we generally allow the district court to exercise jurisdiction over the state-law claim. This is "pendent party" jurisdiction.... *Citizens Marine National Bank v. United States Dept. of Commerce,* 854 F.2d 223, 226 (7th Cir.1988), *cert. denied sub nom. Bank One, Stevens Point, N.A. v. United States Dept. of Commerce,* — U.S. —, 109 S.Ct. 1312, 103 L.Ed.2d 582 (1989).

The above bit of dictum is over-broad; district courts are only "allow[ed] ... to exercise jurisdiction over the state-law claim" where certain preconditions are met. Specifically, a two-step analysis is applied to pendent-party jurisdiction problems; it was recently summarized:

First, the court must examine whether the constitutional power to exercise such jurisdiction exists. Second, the court must examine whether Congress has limited the court's power to exercise pendent-party jurisdiction in the specific statutory provision conferring federal jurisdiction in that case. The constitutional power to exercise pendent party jurisdiction exists if the federal claim is not frivolous, the federal and state claims " 'derived from a common nucleus of operative fact,' " and the federal and state claims are the kind that the plaintiff " 'would ordinarily be expected to try ... in one judicial proceeding.' "

*Huffman v. Hains,* 865 F.2d 920, 922 (7th Cir.1989) (citing *Zabkowicz v. West Bend Co.,* 789 F.2d 540, 546 (7th Cir.1986) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966))). *See also Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976).

The constitutional power to hear these pendent-party claims appears unquestionably present here. Plaintiff's federal claims (at least against Pellegrini and Johnson) are by no means frivolous, and so our civil rights jurisdiction, 28 U.S.C. § 1343, is firmly anchored. The same nucleus of operative fact applies both to those federal claims and to the state claims, and together comprise a "case" which the Plaintiff would be expected to bring in one lawsuit. Hence, the *Gibbs* considerations, as applied here and in *Huffman,* point toward the existence of the constitutional power to hear this case.

But *Huffman* makes clear that constitutional power alone is not enough for the exercise of this type of jurisdiction; the second step must also be applied to determine whether Congress has implicitly or explicitly limited our power, and in this case we are bound to hold that our power has been so limited.

The taproot of analysis of this issue extends down to *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), which is the Supreme Court's latest word on pendent-party jurisdiction. In *Aldinger,* the plaintiff had brought a § 1983 claim against her former supervisor in the county treasurer's office, and also pendent state law claims against the county itself. At the time, Supreme Court precedent absolved counties from § 1983 liability, *see Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973),[4] and so no independent federal grounds existed to establish jurisdiction over the county. The Supreme Court, focusing on the scope of the underlying federal jurisdiction, dismissed the pendent-party claims, and noted that

---

**4.** Later the Supreme Court reversed that position, so that now counties are subject to § 1983 liability. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

[p]arties such as counties, whom Congress *excluded* from liability *in* § 1983, and therefore by reference in the grant of jurisdiction under § 1343(3), can argue with a great deal of force that the scope of that "civil action" over which the district courts have been given statutory jurisdiction should not be so broadly read as to bring them *back* within that power merely because the facts also give rise to an ordinary civil action against them under state law. In short, as against a plaintiff's claim of *additional* power over a "pendent party" the reach of the statute conferring jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power *has* been extended by Congress.

Resolution of a claim of pendent-party jurisdiction, therefore, calls for careful attention to the relevant statutory language.

427 U.S. at 17, 96 S.Ct. at 2421 (emphasis in original).

The *Aldinger* opinion left many questions unanswered, and even today, some 14 years later, the status of pendent-party jurisdiction is still unsettled. Dicta in one case notes that

[t]he best generalization about the current status and scope of pendent-party jurisdiction may be that no generalization is possible; the second best may be that, unsatisfactory as it is to have a sliding scale for jurisdiction, the existence of pendent-party jurisdiction depends upon the pros and cons of exercising such jurisdiction in particular circumstances.

*Citizens Marine National Bank*, 854 F.2d at 226. For our purposes, though, the most notable dicta in the *Citizens Marine National Bank* case is the statement that,

if it appears as in *Aldinger* that Congress would not have wanted the federal courts to exercise jurisdiction over the pendent claim, then there is no pendent-party jurisdiction.

*Id.*

We can say with assurance that it does appear here that Congress would not have wanted us to hear these pendent claims, and we say so because of the ruling on pendent-party jurisdiction in *Moore v. Marketplace Restaurant*, 754 F.2d 1336, 1359–61 (7th Cir.1985). There, the plaintiffs sued Will County, Illinois, and several of its law enforcement personnel under § 1983 for an allegedly unconstitutional search and arrest; the plaintiffs also sued the Marketplace Restaurant's owner solely on state claims of malicious prosecution for his role in precipitating their arrests. A majority of the *Moore* panel held that the pendent-party claims could remain in the case, noting that the restaurant owner was in no way situated similarly to the county in *Aldinger*, because "[t]here is no similar policy immunizing private individuals from liability under section 1983." *Id.* at 1359. The *Moore* court continued:

The positions of a county and of a private individual are not symmetrical. Although most local government is not within the protection of the Eleventh Amendment as it has been interpreted, there is a natural reluctance to assume that Congress would want local government to be suable in federal court under a jurisdictional concept ("pendent parties" jurisdiction) not mentioned in the Constitution, when Congress had decided not to make the conduct for which the local government had been haled into federal court a violation of federal law.

*Id.* (citations omitted).

Placed in the context of all the above, the resolution of the pendent-party issue in our case should be clear. The four Defendants in question have been sued officially, and in the words of *Moore* we are "[reluctant]" to assume that Congress would want [them] to be suable" here under pendent-party jurisdiction, when it has not made "the conduct for which [they have] been haled into federal court a violation of federal law." *Id.* No significant federal issue was raised as to these Defendants—no pattern or series of incidents exist to show an unconstitutional policy or custom, nor is there any reason to suggest Plaintiff's injuries were caused by a failure to train the involved police officers. Likewise, Congress has chosen not to permit municipal liability

solely on the basis of *respondeat superior,* see *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and so these Defendants, in this case, have been *"excluded* from liability in § 1983," and should not be brought *"back* within that power merely because the facts also give rise to an ordinary civil action against them under state law." *Aldinger,* 427 U.S. at 17, 96 S.Ct. at 2421 (emphasis in original). *See also Valliere v. Kaplan,* 694 F.Supp. 517 (N.D.Ill.1988).

We therefore hold that, in this case, we lack the statutory power to hear these pendent claims. Beyond that, we decline to exercise our jurisdiction to hear these claims, through a sensitivity to the realities of our federal system and as a matter of comity. *See Zabkowicz v. West Bend Co.,* 789 F.2d 540, 546 (7th Cir.1986). The only significant legal questions concerning these four Defendants are of state law, and the state courts are better suited than this Court to decide those questions, in part because they are better situated to accurately gauge the legislative intent behind the statutes in question and the policies guiding the common law issues involved. In short, we respectfully defer considering these questions in favor of a better suited forum; we decline to exercise pendent-party jurisdiction here, even if it is available to us.

*Ergo,* this Court declines to consider the remaining state law claims against the Defendants City of Springfield, Police Chief Troyer, Sangamon County, and Sheriff De-Marco; these state law claims (Counts VIII, IX, XI, XII, XIV, XV, XVII, and XVIII) are DISMISSED WITHOUT PREJUDICE for want of jurisdiction.